### TERRITORY OF HAWAII *v.* CHEONG JIM KONG.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JANUARY 8, 1903.    DECIDED FEBRUARY 20, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The exceptions taken in this case to the verdict, to overruling motion for new trial and to refusal to give instruction, not presenting any prejudicial error, are overruled.

OPINION OF THE COURT BY GALBRAITH, J.

At the June, 1902, term of the Circuit Court of the Second Circuit, the defendant and six others were indicted on the charge of assault and battery on a public officer in the discharge and execution of his duty, under section 61, Penal Laws. All were acquitted by the jury except the defendant. He was found guilty and sentenced to one year's imprisonment at hard labor. He comes to this Court by bill of exceptions.

The offense was charged to have been committed on Sunday

the 29th day of December, 1901, at the Chinese camp on Kihei Plantation, Island of Maui.

It appears from the evidence, a transcript of which is made a part of the record by the bill of exceptions, that Santos, the officer assaulted, was, about lunch time on Sunday, December 29th, at the Chinese camp of the plantation and heard a noise in the Chinese dining room; that he immediately rushed in through the open door and saw, as he claimed, these Chinamen gambling with cards; that as soon as the Chinese saw him they began to scatter; that some jumped out of the window and others escaped through the door; that he "grabbed" four of them and pulled them out of the house; that two of these were docile and made no resistance; that two, one of whom was the defendant, Jim Kong, resisted and succeeded in breaking away; that the defendant called to his fellow countrymen to come and assist in rescuing the two held by the officer; that when some distance from the building over near the railroad the defendant and his associates threw stones at the officer and the defendant struck him with a club and succeeded in rescuing the two Chinamen; that the disturbance developed into something of a riot but subsided on the arrival of assistance and later in the day the defendants were arrested and taken to Wailuku; that the officer was not seriously injured and had no warrant for the arrest of the defendants; that in attempting to make the arrest he did not declare that he was a peace officer but said that he arrested them for "gambling on Sunday;" that the assault and battery was committed some time after the attempted arrest.

The court in its charge to the jury quoted the statute defining the offense of "assault and battery on a public officer" and also the definition of "assault" and of "assault and battery" and then gave a general instruction about the jury being the sole judges of the evidence and the weight and credit to be attached to it, etc. The defendant asked two instructions one of which was given and the other was not a correct statement of the law and was properly refused. While the charge of the court is not what it should have been the defects in it are not raised by the exceptions and cannot be reviewed at this time.

There are a number of exceptions embodied in the bill but it will not be necessary to consider them seriatim since only two points were urged at argument and in brief by the defendant, (1) That the officer was not in the discharge of his official duty when assaulted, (2) That the defendant did not know that Santos was a public officer and had no intention of hindering or obstructing him in the discharge of his official duty.

We assume that the jury found against the contention of the defendant on each of these points. The evidence is ample to sustain such finding. It is possible, at the time of the attempt to make the arrest in the eating house, that the defendant did not know that Santos was a policeman, but want of such knowledge cannot be claimed for him at the time of the assault near the railroad track. Prior to that time he had escaped from the officer and had rallied his countrymen for the purpose of rescuing the two Chinamen from custody. The officer was sounding his police whistle, and calling for help, and the assault, apparently, was committed with the intent to obstruct and hinder the policeman in the discharge of his duty. No prejudicial error is presented by the bill of exceptions.

The exceptions are overruled.

*J. L. Coke* and *Kinney, McClanahan & Bigelow* for appellant.

*Jno. W. Cathcart*, Deputy Attorney-General for Territory.